IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kristy M. Wolff,<br>FNP-C, ADN, BSN, MSN, APRN,<br><br>      Plaintiff,<br><br>vs.<br><br>Bee Healthy Medical Weight Loss Clinic<br>And Julie, Coordinator,<br>      Defendants. | Civil Action No. 3:17-cv-3339-CMC-SVH<br><br>**ORDER** |

  This matter is before the court on Plaintiff's *pro se* complaint alleging discrimination by her former employer. ECF No. 1. Plaintiff has filed motions for leave to proceed *in forma pauperis*. ECF Nos. 3, 10.

  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation. On January 16, 2018, the Magistrate Judge issued a Report recommending Plaintiff's motions to proceed *in forma pauperis* be denied, and Plaintiff be given fourteen (14) days to pay the full filing fee. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if she failed to do so. Plaintiff filed timely objections on February 1, 2018. ECF No. 12.

  The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which

a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the Report and therefore adopts and incorporates it in this order. Plaintiff states in her objections her husband's income should not be used to calculate whether she can pay the filing fee, as he does not provide her any funds other than for their mortgage, another loan, and car insurance. ECF No. 16. She notes she has applied for over 289 jobs in the last two years, and is starting her own telemedicine company "so that [she] can work around [her] needed accommodations." *Id.* at 2. In addition to that self-employment, she is pursuing a Doctorate and has a pending disability claim awaiting resolution by an Administrative Law Judge. She is unable to pay the filing fee because she is currently unemployed and owes her son's school tuition. She requests a reduction in the fee amount because paying the full fee would not allow her to pay her medical bills, her car payment, or other utilities, as well as repaying debts. She also requests a delay in paying the fee until her tax refund is processed, and notes her "money is tied up in assets." *Id.*

2

Plaintiff's initial motion for leave to file *in forma pauperis* notes she has not received income in the past year, but has been living off a retirement account for two years.[1] ECF No. 3. She has $25,000 in jewelry, including a $9000 yellow diamond and a Rolex watch she purchased for $6900 which she states retails for over $12,000. *Id.* She has bills of approximately $1600 per month, with her husband paying some but not half. *Id.* She also owns a 2012 Lexus RX450. *Id.* She has approximately $200 in a checking account and $100 in savings. ECF No. 16-1 at 3.

Plaintiff does not appear to be currently indigent and has ample funds to allow her immediate access to the courts if the filing fee is required. While a litigant does not have to be "absolutely destitute to enjoy the benefits" of *in forma pauperis* status, it does not appear Plaintiff will have to "choose between abandoning a potentially meritorious claim or foregoing the necessities of life." *Adkins v. E.I. DuPont De Nemours & Co.*, 335 U.S. 331, 339 (1948); *Compare Oren v. W. Virginia Dep't of Pub. Safety*, 978 F.2d 1255 (4th Cir. 1992) (reversing district court's denial of motion to proceed *in forma pauperis* when the plaintiff had not worked for five years, had only $103 in his bank account, and his only income was from Social Security), *with Karahalios v. Horry County Council*, No. 4:17-cv-00393, 2017 WL 1223697 (D.S.C. 2017) (district court adopted Report recommending denial of motion to proceed *in forma pauperis* when the plaintiff

---

[1] However, the attachment to her objections notes she was employed by Lexington Medical Center for about two months in 2016, earning $4400 per month, and by Bee Healthy Medical Weight Loss, Defendant in this action, from January to May 2017, earning $5000 per month. ECF No. 16-1.

3

received $3100 monthly from disability benefits, listed expenses of $2812 per month, and had $960 in savings).

Plaintiff's motions to proceed *in forma pauperis* are denied, and the Report of the Magistrate Judge is adopted and incorporated herein, as supplemented in this paragraph. However, the court will grant an extended time to allow Plaintiff to receive her tax refund before the filing fee is due. Plaintiff shall pay the filing fee by March 15, 2018.[2] If Plaintiff does not pay the full filing fee within the time allowed, or seek an extension of time in which to do so, this case shall, by additional order of this court, be dismissed without prejudice and without service of process.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
February 5, 2018

---

[2] The case shall be stayed pending payment.

4