IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kristy Michelle Wolff,<br>FNP-C, ADN, BSN, MSN, APRN,<br><br>      Plaintiff,<br>vs.<br><br>Bee Healthy Medical Weight Loss Clinic;<br>Julie, Coordinator; and Valinda Mims,<br>      Defendants. | Civil Action No. 3:17-cv-3339-CMC-SVH<br><br>**ORDER** |

  Through this action, Plaintiff Kristy Michelle Wolff ("Plaintiff"), proceeding *pro se*, seeks recovery from her former employer, Bee Healthy Medical Weight Loss Clinic ("Bee Healthy"), and two former coworkers, Julie Butcher[1] ("Butcher") and Valinda Mims ("Mims"), (collectively, "Defendants") for alleged employment discrimination. The matter is before the court on various motions by Defendants: (1) Bee Healthy and Butcher's motion to dismiss (ECF No. 33); (2) Mims' motion to dismiss (ECF No. 39); (3) Bee Healthy and Butcher's motion to strike (ECF No. 53): and (4) Mims' motion to join the motion to strike (ECF No. 56).[2] Because Plaintiff is proceeding *pro se*, a *Roseboro* Order was sent after each of the motions to dismiss. *See* ECF Nos. 37, 40. Plaintiff filed several responses to the motions to dismiss. ECF Nos. 49, 51, 54, 57. Defendants filed replies. ECF Nos. 50, 55.

---

[1] Although only named as "Julie" in the Complaint, as noted by the Magistrate Judge, counsel for Defendants represents Julie's last name is Butcher.

[2] Mims' motions incorporate Bee Healthy and Butcher's arguments, so the motions will be referred to collectively for purposes of this Order as "Defendants' motions."

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation. On August 15, 2018, the Magistrate Judge issued a Report recommending Defendants' motions to dismiss be granted as to Butcher and Mims, and denied without prejudice as to Bee Healthy.[3] ECF No. 59. The Report also recommends denying the motions to strike. *Id.* The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so. Bee Healthy, Butcher, Mims, and Plaintiff filed objections to the Report on August 29, 2018. ECF Nos. 61, 63, 64.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not

---

[3] The Magistrate Judge also directed Bee Healthy to advise the court whether counsel was authorized to accept service on its behalf. *Id.* On August 29, 2018, Bee Healthy filed a response, authorizing counsel to accept service on behalf of Bee Healthy only. ECF No. 62.

conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

### 1. **Motions to Dismiss**

The Report recommends dismissing the Title VII and ADA claims against the individual Defendants, as neither statute authorizes a remedy against individuals. ECF No. 59 at 3-4. Further, Title VII does not impose individual liability on supervisory employees. *Id.* at 3.

Plaintiff objects to the dismissal of the individual Defendants, as she argues both Butcher and Mims were "agents acting in the capacity of an employer" and are therefore liable under Title VII and the ADA. ECF No. 63.[4] Plaintiff further appears to argue she has raised a claim of negligence against the individual Defendants in her Complaint, as well as a potential claim for defamation. *Id.* at 6-7.

The court agrees with the Magistrate Judge neither Title VII nor the ADA permit recovery against individual defendants. Though Plaintiff alleges Butcher and Mims were supervisors, and therefore agents of Bee Healthy, the case law is clear the individual Defendants cannot be held liable under these causes of action. *See Lissau v. Southern Food Svc., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998) (holding the plaintiff's supervisor, who plaintiff alleged was an "agent" of the employer, was not liable because an "analysis of Title VII's language and its remedial scheme leads us to

---

[4] Plaintiff also responds to the argument Defendants should be dismissed due to improper service. As to Bee Healthy, this has been resolved by Bee Healthy's reply to the Report, stating counsel would accept service. Because the individual Defendants are dismissed for failure to state a claim, the court does not address this argument further.

3

join the other circuit courts and conclude that supervisors are not liable in their individual capacities for Title VII violations."); *Baird ex rel. Baird v. Rose*, 193 F.3d 462, 472 (4th Cir. 1999) ("Because Title VII does not authorize a remedy against individuals for violations of its provisions, and because Congress has made the remedies available in Title VII actions applicable to ADA actions, the ADA does not permit an action against individual defendants . . . for conduct protected by the ADA.").

Therefore, Plaintiff may not bring a Title VII or ADA claim against individual Defendants Butcher and Mims, and these claims against them are dismissed with prejudice. To the extent Plaintiff purports to allege state law claims against Butcher or Mims, the court agrees with the Magistrate Judge these are not adequately pled in the Complaint.[5]

### 2. **Motions to Strike**

The Report recommends denying Defendants' motions to strike Plaintiffs' sur-replies related to the motions to dismiss, as Plaintiff is entitled to some leniency as a *pro se* party and the court prefers to decide issues on the merits. ECF No. 59 at 5. However, Plaintiff was advised she must include all arguments in one timely response in the future, or risk the court discounting any late arguments or allegations. *Id.* No party objects to this portion of the Report, and the court

---

[5] Allegations in Plaintiff's multiple responses to the motions to dismiss are insufficient to raise any state law claims. Pursuit of state law claims against the individual Defendants would require amendment of the Complaint and proper service of an Amended Complaint.

finds this conclusion appropriate and without clear error. Defendants' motions to strike (ECF Nos. 51, 56) are denied.

### 3. **<u>Title VII Claim</u>**

Defendants object to the Report, requesting the court rule on the argument in Bee Healthy and Butcher's motion to dismiss[6] that any Title VII claim is barred as it would exceed the scope of the EEOC charge of discrimination. ECF No. 61, 64. Specifically, Defendants Bee Healthy and Butcher argued in their motion to dismiss that Plaintiff's charge of discrimination alleged only disability discrimination and retaliation in violation of the ADA, and did not include reference to any protected class under Title VII. ECF No. 33-3 at 10. Therefore, Defendants contended, she failed to exhaust administrative remedies and any Title VII claim is barred. *Id.* Plaintiff does not appear to address this argument in her myriad responses to the motions to dismiss, and did not file a reply to Defendants' objections.

The court agrees Plaintiff's charge of discrimination filed with the EEOC does not allege discrimination or retaliation based on any Title VII protected class. *See* ECF No. 1-2 at 3. While the checkbox for "other" is marked, along with "disability" and "retaliation," the narrative does not mention Title VII or allege discrimination other than based on disability. *Id.* It states:

> I made Respondent aware of a medical condition and requested an accommodation. My request involved a decrease in the number of hours I work a day, a set schedule for lunches and not to be placed on the schedule for Saturdays . . . . I believe I have

---

[6] Although Mims objects to the court's lack of ruling on the Title VII claim, she did not raise the Title VII argument in her motion to dismiss. *See* ECF Nos. 64 (Mims' objections), 39 (Mims' motion to dismiss).

5

> been discriminated and retaliated against in violation of the Americans with Disabilities Act of 1990, as amended.

*Id.* As there is no mention of discrimination or retaliation based on any Title VII protected class, Plaintiff is now unable to bring a Title VII claim. *See Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) ("The scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents."); *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005) ("Our cases make clear that the factual allegations made in formal litigation must correspond to those set forth in the administrative charge."); *Evans v. Tech. Applications & Servs. Co.*, 80 F.3d 954, 962-63 (4th Cir. 1996) ("The allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint. Only those discrimination claims stated in the original charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit."); *Steffen v. Meridian Life Ins. Co.*, 859 F.2d 534, 544 (7th Cir. 1988) ("[A]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge . . .").[7]

---

[7] No amendment could cure the defect as a new administrative charge of Title VII discrimination would be untimely. 42 U.S.C. § 2000e-5(e)(1) (in a "deferral state," charge must be filed with the appropriate state agency within three hundred days after the alleged unlawful employment practice occurred); *Alford v. Wang, Inc.*, 11 F.Supp.3d 584, 593 (D.S.C. 2014) (South Carolina is a deferral state). The time in which Plaintiff would have had to file a charge based Title VII discrimination expired in March 2018, 300 days after she alleges she was removed from the schedule. *See* ECF No. 1-2 at 1 (Plaintiff requests lost wages beginning in June 2017), 3 (Plaintiff

6

For the reasons above, Plaintiff's Title VII claim is dismissed for lack of jurisdiction. *Jones*, 551 F.3d at 300.

### 4. **Conclusion**

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and the parties' objections, the court agrees with the Report and therefore adopts and incorporates it in this Order, as supplemented above. Defendants' motions to dismiss (ECF Nos. 33, 39) are granted in part: Plaintiff's claims under Title VII and the ADA against the individual Defendants Butcher and Mims are dismissed with prejudice, and her Title VII claim is dismissed for lack of jurisdiction as to Defendant Bee Healthy. Defendant Bee Healthy's motion to dismiss is denied as to the ADA claim. Defendants' motions to strike (ECF Nos. 53, 56) are denied. This matter is re-referred to the Magistrate Judge for further pre-trial proceedings.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie<br>CAMERON MCGOWAN CURRIE<br>Senior United States District Judge

Columbia, South Carolina
October 1, 2018

---

was "removed from the schedule completely" in "late May through June" 2017. This court finds no basis for equitable tolling of that deadline. *Chacko*, 429 F.3d at 516 n.5 (time limit subject to equitable tolling).