IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kristy Michelle Wolff, FNP-C, ADN, BSN, MSN, APRN, | C/A No.: 3:17-3339-CMC-SVH |
| Plaintiff, | |
| vs. | ORDER |
| Bee Healthy Medical Weight Loss Clinic Lexington, LLC, | |
| Defendant. | |

Kristy Michelle Wolff ("Plaintiff") filed this case alleging violations of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq. ("ADA") against Bee Healthy Medical Weight Loss Clinic Lexington, LLC ("Defendant).[1] This matter is before the court on Plaintiff's motion to deny the release of her medical records. [ECF No. 78]. Defendant having filed a response [ECF No. 79], the motion is ripe for disposition.

In her motion, Plaintiff first requests an extension to respond to Defendant's first set of interrogatories and requests for production. Defendant responded that it consents to a 30-day extension. Plaintiff's responses are now due by February 4, 2019. In the future, Plaintiff may request such discovery extensions directly from Defendant and resort to

---

[1] All other claims brought by Plaintiff have been dismissed pursuant to the court's October 1, 2018 order.

involving the court only if the parties cannot reach an agreement.

Plaintiff also requests a limitation on Defendant's discovery of her medical records, although she does not specify the records to which she objects to disclosing. Defendant notes that Plaintiff has placed several of her medical conditions into issue, as she has listed the following ailments as the basis for her ADA claim or the damages she seeks: Attention Deficit Disorder, Autoimmune Disease, Undifferentiated Connective Tissue Disease, Crohn's Disease, Irritable Bowel Syndrome, and Inflammatory Bowel Disease. [ECF No. 78 at 4–5]. In addition, Plaintiff's submissions to the court have referenced Defendant's actions causing her delay in infertility treatments/IVF [ECF No. 1-2 at 2]; Plaintiff "becoming more ill, suffer[ing] continued delay in needed medical surgeries and procedures including infertility services" [ECF No. 49 at 7]; and that Plaintiff "suffered and incurred more medical costs, and became physically ill while undergoing infertility evaluation" [ECF No. 51 at 2]. Plaintiff also asserts pain and suffering generally. [ECF No. 51 at 1].

Defendant is entitled to discovery of nonprivileged material that is relevant to a claim or defense. Fed. R. Civ. P. 26(b)(1). Because Plaintiff has placed her medical conditions at issue, Defendant is entitled to discovery related to her medical issues. Plaintiff's request for an unspecified limitation is denied. The undersigned notes that the production of documents in

discovery does not necessarily indicate that such documents are admissible in evidence at a potential trial. To the extent Plaintiff believes such documents are inadmissible pursuant to the Federal Rules of Evidence, such arguments are appropriate at a later stage in the litigation.

Finally, Plaintiff requests accommodations related to her deposition such as having her son present and having to reschedule in the middle of a deposition. In response, Defendant noted that it will work with Plaintiff to set a mutually-agreeable date and will offer reasonable accommodations as to hydration, frequent bathroom breaks, and the need for Plaintiff to sit or stand. However, Plaintiff has not shown good cause to deviate from the general rule of permitting a seven-hour deposition in one day pursuant to Fed. R. Civ. P. 30(d)(1). Pro se parties are expected to comply with the Federal Rules of Civil Procedure, just as represented parties.

IT IS SO ORDERED.

January 16, 2019　　　　　　　　　　　　Shiva V. Hodges
Columbia, South Carolina　　　　　　　 United States Magistrate Judge